IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RORY and THERESA MINJARES, | ) | CV 10-135-M-DWM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER NUNC PRO TUNC |
| NORTHWESTERN CORPORATION d/b/a NORTHWESTERN ENERGY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I. Introduction**

Plaintiffs Rory and Theresa Minjares filed this breach of contract action in the Montana Second Judicial District Court, Silverbow County on November 9, 2010. Defendant NorthWestern Energy ("NorthWestern") timely removed it to this Court based on diversity of citizenship. This is the second lawsuit between

1

the parties; NorthWestern's declaratory judgment action is also before this Court, pending a temporary grant of Minjares's motion to dismiss. NorthWestern v. Minjares, CV-10-68-DWM-M.

Two motions are before the Court in this matter. In one, Minjares seeks remand to state court based on (1) a contractual forum selection clause, and (2) lack of diversity.[1] In the other, NorthWestern seeks abatement of this case on account of its pending declaratory judgment action, or alternatively consolidation of the two cases. For the following reasons Minjares's motion to remand is denied. NorthWestern's motion to dismiss is denied. NorthWestern's request for consolidation is denied as moot.

## II. Statement of Facts

In September 2000, Plaintiff Rory T. Minjares ("Minjares") was injured while employed by the Montana Power Company. Pl.'s Compl. ¶ 4. Minjares and his wife Theresa filed a civil action against Montana Power Company and its successor, NorthWestern, in 2003. Id. ¶5. In 2004 Minjares and Theresa signed a General Release of all claims against NorthWestern in exchange for a lump sum of money and the continuation of all benefits Minjares was presently receiving. Id.

---

[1] Minjares also argues this case should be remanded because there is no federal question jurisdiction. Considering NorthWestern properly removed Minjares's state action based on diversity and not federal question, this argument is moot.

¶11.

In December 2008, NorthWestern stopped providing Minjares basic pay pension benefits and threatened to terminate his remaining benefits. Id. ¶16. NorthWestern filed a complaint for declaratory judgment in this Court on June 15, 2010, seeking a declaration that Minjares is no longer eligible for benefits. Id. ¶18; CV-10-68-DWM (dkt. 1).  Minjares then filed this breach of contract Complaint in the Montana Second Judicial District Court for NorthWestern's alleged failure to maintain the "status quo" of Minjares's benefits as provided for in the settlement agreement.

### III. Analysis

**(1)    Forum Selection**

The forum selection clause involved in this case does not preclude federal jurisdiction over Minjares's breach of contract claim.  The General Release provides: "[t]he parties further agree that the court may approve this settlement and order its conditions to be performed."  It does not include the requisite language that clearly designates an exclusive forum.  N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995) (holding "shall be enforceable" not mandatory because the language did not clearly require exclusive jurisdiction).

3

**(2)     Diversity Jurisdiction**

Diversity jurisdiction exists over Minjares's contract claim against NorthWestern.  District courts have jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states.  28 U.S.C. § 1332(a).  A corporation is a citizen of any State where it has its principal place of business, which is one "place" from which its officers direct, control, and coordinate the corporation's activities, not the state as a whole.  28 U.S.C. § 1332(c)(1), <u>Hertz Corp. v. Friend</u>, 130 S.Ct. 1181, 1192 (2010).  NorthWestern is a Delaware corporation with its declared principal place of business in South Dakota. Notice of Removal, ¶ 4 (dkt #1).  Corporate governance is based in Sioux Falls and NorthWestern's Annual Report and FERC report list Sioux falls as its executive office and principal office.  Aff. Kliewer, ¶ 5 (dkt #27-1).  These facts are sufficient to find NorthWestern's principal place of business is not in Montana.

Minjares's complaint does not specify a dollar amount of damages, therefore NorthWestern must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997).  A settlement letter is relevant evidence of the amount in controversy where it appears to reflect a reasonable estimate of plaintiff's claim.

4

...

<u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 (9th Cir. 2002) (holding plaintiff's settlement letter relevant to determine amount in controversy). Minjares's prayer for relief seeks contract damages, an order requiring NorthWestern to continue benefits, and an award of punitive or exemplary damages "in an amount sufficient, in view of the size and wealth of NorthWestern, to make an example of their conduct. . ." ¶¶ 1-6 (dkt. #1-1). NorthWestern's affidavit states that Minjares's claimed damages exceed $75,000. It claims Minjares's settlement demand was for greater than $75,000, which Minjares does not deny. It is more likely than not that the amount in controversy is greater than $75,000.

**(3)   Abatement**

Minjares's contract claim should not be abated on account of NorthWestern's declaratory judgment action. Abatement of a subsequent cause of action is appropriate where there is a prior action in the same court, between the same parties, predicated upon the same cause of action, the same transaction, and seeking identical relief. <u>Stone v. Baum</u>, 409 F. Supp. 2d 1164, 1177 (D. Ariz. 2005). Abatement is not appropriate where the litigation is not vexatious and involves additional parties, new legal claims, and new facts. <u>Nat. Resources Def. Council, Inc. v. Winter</u>, 645 F.Supp.2d 841, 846 (C.D. Cal. 2007) (denying request for abatement where to grant would likely preclude review of the claims on their

merits until after completion of the challenged activities).  Here, one suit is based on ERISA and seeks a declaration of obligations; the other is for breach of contract and seeks contract and punitive damages.  There is no evidence that the contract action was brought for an improper purpose.  Abatement is not appropriate.

**(4)     Consolidation**

The prior case was dismissed and is on appeal so the consolidation request is denied as moot.

### IV.  Conclusion

Minjares's Motion to Remand (dkt #19) is DENIED.  NorthWestern's Motion to Dismiss or in the Alternative Consolidate Cases (dkt #16) is DENIED.

The Clerk of Court is directed to notify the parties of the entry of this Order.

Dated this 14th day of September, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT